Filed 2/26/24

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082071 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN315241) |
| DEVIN GAILLARD, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Robert J. Kearney, Judge. Reversed and remanded with directions.

Christine M. Aros, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina, Lynne G. McGinnis and Kelley Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

Devin Gaillard appeals from an order denying his petition for resentencing on a 2014 voluntary manslaughter conviction under Penal Code[1] section 1170.95 (now § 1172.6).[2]  Gaillard argues that he established a prima facie case because the record of conviction does not conclusively establish his ineligibility for relief.  The People concede the error and agree that the order must be reversed.  We agree with the parties and therefore reverse the trial court's order and remand this matter for further proceedings.

PROCEDURAL BACKGROUND

The record of conviction does not include any of the underlying facts because Gaillard pled guilty before the preliminary hearing.[3]

A fourth amended complaint alleged that in September 2012, Gaillard and codefendant Miles B. Sharp committed murder (§ 187, subd. (a); count 1), assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); count 4), first degree burglary (§ 459; count 5), first degree robbery (§ 211; count 6), arson causing great bodily harm (§ 451, subd. (a); count 7), possession of flammable material (§ 453, subd. (a); count 8), voluntary

---

[1]    All statutory references are to the Penal Code unless otherwise specified.

[2]    Effective June 30, 2022, section 1170.95 was recodified without substantive change in section 1172.6, pursuant to Assembly Bill No. 200 (2021–2022 Reg. Sess.).  (See Stats. 2022, ch. 58, § 10.)  We refer to the current codification throughout this opinion.

[3]    We decline to rely on the facts stated in the probation report because they are not part of the record of conviction.  (See *People v. Del Rio* (2023) 94 Cal.App.5th 47, 56 ["Ordinarily, a probation officer's report is not part of the record of conviction."].)

manslaughter (§ 192, subd. (a); count 9), and unlawful transportation or sale of cannabis (Health & Saf. Code, § 11360, subd. (a); count 10).  It was further alleged appellant suffered a prior strike conviction.  (§ 667, subds. (b)–(i).) Dillon Davis was named as the victim of both the murder charge and the voluntary manslaughter charge.

In 2014, Gaillard pled guilty to count 9, voluntary manslaughter, and count 10, transportation of marijuana, and admitted a prior strike conviction for robbery.  Gaillard initialed and executed a plea form in which he admitted that he "aided [and] abetted the voluntary manslaughter of Dillon Davis [and] transported marijuana."  The plea form also stated that the parties stipulated to a 25-year prison term, including an 11-year upper term for the voluntary manslaughter as a lesser included offense of the murder charged in count 1.  At the same hearing, Gaillard's codefendant Sharp pled guilty to voluntary manslaughter, assault, burglary, robbery, arson, and other crimes, but he also admitted additional allegations that he personally used a dangerous and deadly weapon (§ 12022, subd. (b)(1)) and personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)).  During the plea hearing, Gaillard and Sharp both admitted they " 'unlawfully and without malice kill[ed] Dillon Davis.' "

The court sentenced Gaillard to the stipulated term of 25 years.  Four years later, the court granted Gaillard's petition pursuant to Health and Safety Code section 11361.8 and reduced his sentence on count 10 for transportation of marijuana to a misdemeanor with credit for time served, leaving a remaining sentence of 23 years.

In 2022, Gaillard filed a petition for resentencing under section 1172.6. After the court appointed counsel for Gaillard, the parties filed further

3

briefing and the court held a prima facie hearing.  At the outset of the hearing, the court provided the following tentative ruling:

> "The landscape is changing always underneath our feet on these motions, but my understanding and belief is that the prima facie is very limited to what is indicated by the defense and that can only be overcome if there is something within the Court record.  In other words, I can't make any decisions based upon factual scenarios, so I don't even know if I can rely on the probation report or not.
>
> "But the issue I have is that looking at the plea, pleading guilty to the voluntary manslaughter as an aider and abettor, if you're an aider and abettor, you're not allowed relief from this law.  Only if you're an aider and abettor in an underlying predicate felony offense that has natural and probable consequences, which does not appear by the record to be the case in this case.
>
> "So for that reason, I would be denying the prima facie would be my indicated."

Following argument, the court denied the petition and explained its ruling as follows:

> "But looking at this case, looking at this conviction, looking at the factual basis, which I do take seriously and I take seriously when I'm taking the plea as well, it's not a plea covered under the new law because he is a direct aider and abettor per the plea.
>
> "If one is to look at the probation report and consider it, I think that that does support the fact-finding that he was a direct aider and abettor.  So I think that does supplement it as well.
>
> "But for those reasons stated, I don't think that the charge—the way he pled guilty to the charge, I don't

4

think he's available for this type of relief.  Therefore, I will deny the request at this point in time."

Gaillard filed a timely appeal.

## DISCUSSION

Gaillard contends that the trial court erred by denying his section 1172.6 petition for relief at the prima facie stage without an evidentiary hearing.  He argues the record of conviction does not conclusively establish that he could still be convicted of murder under current law.  He asserts that the trial court erred by ruling that he admitted his guilt on a direct aiding and abetting theory.

The People concede Gaillard stated a prima facie case and conclude "the appropriate remedy is to remand the matter to the superior court for the issuance of an order to show cause, and if necessary, an evidentiary hearing in accordance with section 1172.6, subdivision (d)."  The People assert "[t]he trial court's conclusion that [Gaillard] directly aided and abetted the voluntary manslaughter cannot be made by relying exclusively on the existing record of conviction at the prima facie stage."

We independently review the trial court's decision to deny a section 1172.6 petition for resentencing at the prima facie stage (*People v. Harden* (2022) 81 Cal.App.5th 45, 52), and we agree that Gaillard made a prima facie showing.  Accordingly, we reverse the trial court's order and remand this matter for the issuance of an order to show cause pursuant to section 1172.6, subdivision (d).

In its current form, section 1172.6 applies to those who pled guilty to manslaughter after being charged with murder and who would have been subject to prosecution for murder under a felony murder theory, the natural and probable consequences doctrine, or any other theory of imputed malice.

5

(§ 1172.6, subd. (a).)  To be eligible for relief, the petitioner must make a prima facie showing that he could not presently be convicted of murder under changes to these theories of murder liability made effective January 1, 2019 by Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Sen. Bill No. 1437). (§ 1172.6, subd. (a)(3).)  If the petitioner makes a prima showing, the trial court must conduct an evidentiary hearing on the petition for resentencing. (§ 1172.6, subds. (c), (d).)

At the prima facie stage, the trial court is permitted to examine the record of conviction to assess whether it refutes the petitioner's claim of eligibility.  (*People v. Lewis* (2021) 11 Cal.5th 952, 970–972.)  The court may deny the petition at the prima facie stage only if the record of conviction conclusively establishes that the petitioner is ineligible for relief as a matter of law.  (*Id.* at p. 971.)  A court may not engage in factfinding or weighing of evidence in making this determination at the prima facie stage.  (*Id.* at p. 972.)  Although the court must generally take the petitioner's factual allegations as true, it is not required to accept factual allegations that are conclusively refuted by the record of conviction, including the court's own documents.  (*Id.* at p. 971.)

When the petitioner's conviction resulted from a guilty plea rather than a trial, the record of conviction includes the facts "the defendant admitted as the factual basis for a guilty plea."  (*People v. Gallardo* (2017) 4 Cal.5th 120, 136; see § 1192.5, subd. (c) [court approving guilty plea must "cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for the plea"].)  However, the court may only consider facts the defendant stipulated to as part of the factual basis or otherwise admitted as true.  (*People v. Das* (2023) 96 Cal.App.5th 954, 961–964 [court could not rely on prosecutor's statement

of factual basis that defendant stabbed victim with a knife attempting to kill him because defendant did not stipulate to or otherwise admit the truth of these facts].) "[A]llowing inquiry into the historical facts that may appear in the court's files but that were never admitted by the petitioner as the factual basis for a plea . . . would . . . convert the prima facie inquiry into a factual contest." (*People v. Davenport* (2021) 71 Cal.App.5th 476, 483 [court could not consider preliminary hearing testimony that defendant shot victim at close range because defendant never stipulated or admitted to it as a factual basis for his guilty plea].)

We agree with the parties that Gaillard's guilty plea does not conclusively establish his ineligibility for relief. First, to the extent the trial court ruled that "if you're an aider and abettor, you're not allowed relief from this law," it was mistaken. Section 1172.6 applies to those who were charged with murder and could have been prosecuted under the natural and probable consequences doctrine. (§ 1172.6, subd. (a)(1).) The natural and probable consequences doctrine is one theory of aiding and abetting. (*People v. Gentile* (2020) 10 Cal.5th 830, 843–844 (*Gentile*).) Thus, section 1172.6 applies to those who could have been convicted of murder on a natural and probable consequences theory of aiding and abetting. (*Gentile*, at pp. 843–851.)

Second, the trial court erred by ruling that Gaillard necessarily admitted his guilt on a theory of direct aiding and abetting. The record does not establish the specific *theory* of aiding and abetting under which Gaillard admitted guilt. He merely admitted his guilt as an aider and abettor of voluntary manslaughter in generic terms. Nothing in the record of conviction conclusively establishes that Gaillard admitted his guilt on a direct aiding and abetting theory, rather than a natural and probable consequences theory. Thus, Gaillard's plea does not refute the allegation of his petition that he

7

"could not presently be convicted of murder . . . because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019." (See *People v. Flores* (2022) 76 Cal.App.5th 974, 987 [petitioner's guilty plea did not make him ineligible for section 1172.6 relief as a matter of law because "[i]n entering his plea, petitioner did not admit to or stipulate to any particular theory of murder"]; *People v. Eynon* (2021) 68 Cal.App.5th 967, 977 [reaching the same result where "the defendant did not admit facts supporting liability on any particular theory"].)

Finally, even if Gaillard had admitted his guilt of voluntary manslaughter on a direct aiding and abetting theory, that still would not refute his allegation that he could not presently be convicted of *murder* on a direct aiding and abetting theory.[4] (§ 1172.6, subd. (a)(3).) To be convicted of murder as a direct aider and abettor, the defendant must personally harbor malice aforethought. (*Gentile, supra*, 10 Cal.5th at pp. 844–845 ["when a person directly aids and abets a murder, the aider and abettor must possess malice aforethought"].) But malice is not an element of voluntary manslaughter (§ 192) and Gaillard only admitted at the plea hearing that he acted "without malice." Gaillard's guilty plea therefore does not establish that he acted with the malice required for conviction as a direct aider and abettor of murder. The record of conviction does not defeat the allegations of

---

4 When the Legislature added manslaughter to the covered crimes as part of Senate Bill No. 775 (2021–2022 Reg. Sess.), it did so out of concern that some defendants may have pled guilty to voluntary manslaughter before 2019 to avoid being convicted of a charged murder under one of the theories eliminated or narrowed by Senate Bill No. 1437 in 2019. (Assem. Com. on Public Safety, Analysis of Sen. Bill No. 775 (2021–2022 Reg. Sess.) as amended July 6, 2021, p. 7 ["a petitioner may have pled guilty or no contest to voluntary manslaughter in order to forego the risk of being convicted of murder or attempted murder under one of these subsequently abrogated theories of liability"].)

his petition because it does not "conclusively establish[ ] *every* element of [murder]" on a still valid theory. (*People v. Curiel* (2023) 15 Cal.5th 433, 463, italics added.)

Even assuming the truth of Gaillard's admissions in his guilty plea, it remains possible that the only theories under which Gaillard could have been convicted of murder at the time were: (1) as an aider and abettor under the natural and probable consequences doctrine, which does not require malice (*Gentile, supra,* 10 Cal.5th at p. 846); or (2) on a felony murder theory based on his alleged participation in the originally charged felonies of robbery, burglary, and arson (§ 189, subd. (a)), which is a form of imputed malice. (*People v. Chun* (2009) 45 Cal.4th 1172, 1184.) Both of these theories were affected by the subsequent changes to sections 188 and 189 enacted in 2019 and are covered by section 1172.6. (§ 1172.6, subd. (a).)

In sum, Gaillard's guilty plea for aiding and abetting voluntary manslaughter does not prove that he could still be convicted of murder under current law. (§ 1172.6, subd. (a)(3).) Thus, the record of conviction does not conclusively establish that he is ineligible for resentencing at the prima facie stage. (§ 1172.6, subd. (c).)

DISPOSITION

The order denying Gaillard's petition for relief under section 1172.6 is reversed.  The matter is remanded to the trial court with directions to issue an order to show cause and hold an evidentiary hearing on the petition.


BUCHANAN, J.

WE CONCUR:


IRION, Acting P. J.


RUBIN, J.

10